14-3826-cv
*Walker v. City of New York*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
     RALPH K. WINTER,
     JOSÉ A. CABRANES,
        *Circuit Judges.*

---

RONALD WALKER,

     *Plaintiff-Appellant,*          14-3826-cv

     v.

THE CITY OF NEW YORK, POLICE OFFICER KEITH HENNIN, SHIELD # 23794, LIEUTENANT ELIZABETH MORRISSEY, LIEUTENANT WILLIAM HEALY, SERGEANT JOHN MILESKI, SHIELD # 2131, SERGEANT CHRISTOPHER BARBIERI, SHIELD # 210, SERGEANT WILBERTO SURIEL, SHIELD # 1683, POLICE OFFICER ANDREW WATSON, SHIELD # 30737, ESU SERGEANT TODD FECHT, SHIELD # 3472, ESU DETECTIVE ROBERT SCHIERENBECK, SHIELD # 7814, ESU DETECTIVE PATRICK QUINLAN, SHIELD # 7056, ESU DETECTIVE ROBERT ZAJAC, SHIELD # 7443, ESU DETECTIVE KENNETH GREENE, SHIELD # 5362, ESU DETECTIVE CHIMEL, POLICE OFFICERS JANE / JOHN DOE(S) # 1-10, 75TH PRECINCT,

     *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

FOR PLAINTIFF-APPELLANT:        DAVID A. ZELMAN, Law Offices of David
                                A. Zelman, Brooklyn, NY.


FOR DEFENDANTS-APPELLEES:        KATHY C. PARK (Jane L. Gordon, *on the
                                brief*), *for* Zachary W. Carter, Corporation
                                Counsel of the City of New York, New
                                York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Ronald Walker appeals from the District Court's September 12, 2014 judgment in his action under 42 U.S.C. § 1983 and state law. Walker asserts that the District Court erred in granting judgment as a matter of law under Rule 50(b) in favor of defendants-appellees Keith Hennin and Elizabeth Morrissey, as well as in refusing to submit his state law excessive detention claim to the jury. We assume the parties' familiarity with the underlying facts and the case's procedural history.

We review *de novo* the District Court's grant of relief under Rule 50(b). *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010). A Rule 50(b) motion may be granted only "if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Id.* (quoting *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008)) (alterations in original). A court reviewing such a motion must defer to the jury's determinations of credibility, as well as all the reasonable inferences it might have drawn from the evidence. *Id.* The District Court's decision not to submit a claim to the jury is likewise a legal determination that we review *de novo*. *United States v. Space Hunters, Inc.*, 429 F.3d 416, 427 (2d Cir. 2005).

Walker first argues that the District Court erred in granting judgment in favor of Morrissey on Walker's excessive force claim. We disagree. The evidence adduced at trial does not support a reasonable conclusion that Morrissey participated in Walker's assault. Rather, Walker testified that Morrissey was not present at the time he was assaulted and, indeed, that everyone near him during

2

the assault was male.[1] Morrissey, for her part, testified that she accompanied Walker the entire time he was at the precinct — during which time Walker suffered his injuries — but that she did not assault him. Both witnesses, then, testified that Morrissey did not employ force against Walker, and no other evidence supports a contrary conclusion.

Relying on the principle that "the jury is free to believe part and disbelieve part of any witness's testimony," *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007), Walker argues that the jury properly patched together this testimony to make a finding of liability. The jury, he urges, was at liberty to find in his favor by disbelieving both Morrissey's testimony that no assault occurred and his own testimony that no female officers participated in the assault. But it is hornbook law that a plaintiff does not carry his burden of proving a fact merely by having witnesses deny that fact and asking the jury to decline to believe the denials. *See Martin v. Citibank, N.A.*, 762 F.2d 212, 217-18 (2d Cir. 1985) ("If all of the witnesses deny that an event essential to plaintiff's case occurred, he cannot get to the jury simply because the jury might disbelieve these denials. There must be some affirmative evidence that the event occurred." (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2527, at 563 (1971) (internal quotation marks and footnote omitted))); *see, e.g.*, *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984) ("When the testimony of a witness is not believed, the trier of fact may simply disregard it. Normally the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion."); *Davis v. Nat'l Mortgagee Corp.*, 349 F.2d 175, 178 (2d Cir. 1965) ("To survive a directed verdict a plaintiff must produce more than the denials of the defendants."). Here, although Walker presented evidence that he was injured, there was no affirmative evidence whatever that Morrissey was a person who inflicted the injury.

Walker next argues that even if the jury could not properly have concluded that Morrissey participated in the assault he described, it could have credited her testimony that she was present when Walker's injuries occurred—and further concluded that she failed to intervene to stop the assault. He contends that the jury was unable to do so because the District Court instructed it not to consider Morrissey's liability on a failure-to-intervene theory if it first found her liable for using excessive force (which, of course, it did). According to Walker, this instruction was error for either of two reasons. First, he urges, the District Court should have instructed the jury that it could find Morrissey liable on *both* claims; or, second, it should not have required the jury to determine which defendants directly used excessive force and which failed to intervene.

---

[1] Walker appears to argue that his testimony, properly characterized, was that he did not know whether Morrissey struck him. That is inaccurate. Walker did testify that he did not see which officer struck him, but he also testified that it was neither Morrissey nor any other female officer. In other words, Walker testified that he was not sure who assaulted him, but he was sure it was not Morrissey.

Walker's first argument fails because his requested instruction did not accurately state the law. *See United States v. Yousef*, 327 F.3d 56, 130 (2d Cir. 2003) (to warrant relief on appeal, a requested instruction must "accurately represent[ ] the law in every respect" (internal quotation marks omitted)). Where an alleged use of excessive force is a single, indivisible assault, it makes little or no sense to say that the same defendant has both used excessive force and failed to intervene — or, to put it more generally, that a defendant can be held liable for failing to intercede in and prevent an unlawful act in which she herself was the principal. Here, though Walker testified that he was both punched and kicked, J.A. 571, counsel made no effort to disaggregate his injuries in a way that that would have supported a finding that Morrissey both used excessive force and failed to intervene. *See* J.A. 987 (counsel argues that there is "no reason why there can't be excessive force . . . and failure to intervene *at the same time*" (emphasis supplied)); J.A. 1006 (counsel remarks at the charging conference that "the only force [the jury is] being asked to consider is a punch and a kick to the head causing a nose fracture and dental injuries"); J.A. 1010 (counsel expresses satisfaction with an instruction stating, "If you find that Hennin, Barbieri, or Morrissey kicked him and punched him in the head you have found excessive force."); Dist. Ct. ECF No. 83, at 3 (plaintiff's proposed interrogatories on compensatory damages, seeking an amount "as a result of [the] excessive force").

By instructing the jury not to consider Morrissey's failure-to-intervene liability if it first found against her for excessive force, the District Court's charge created a risk (ultimately realized) that Morrissey would be absolved of liability without the jury's having considered whether she failed to intervene in the assault. But Walker's counsel could have avoided this risk by recognizing that the evidence would not support an excessive-force verdict against Morrissey and declining to ask the jury to find her liable on that theory. He instead requested an instruction that failed to accurately state the law. The District Court was not obliged to give it.

Walker's second argument also fails. Walker argues that the District Court improperly asked the jury to identify which officers used excessive force and which officers failed to intervene. But Walker did not raise this argument below, and, what is more, his own proposed verdict sheet required the jury to do exactly what he says it need not have done. *See* Dist. Ct. ECF No. 83, at 2-3. Accordingly, we conclude that Walker invited the alleged error of which he now complains and that he has therefore waived this objection to the verdict form and jury charge. *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006).

Walker next argues that the trial evidence sufficed to support the jury's determination that he was deprived of a liberty interest through Hennin's fabrication of evidence. To establish Hennin's liability on this claim, Walker was obliged to show not merely that Hennin fabricated evidence, but that Walker suffered a deprivation of liberty as a result. *Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000). The District Court correctly concluded that Walker failed to establish such a causal connection. Though it is undisputed that Hennin's original arrest and complaint reports inaccurately stated that he had seen Walker strike Jimenez, it is also undisputed that the assistant district attorney

4

("ADA") who prosecuted the case ultimately filed a criminal complaint stating only that Jimenez had *reported* that Walker had struck him.[2] The charging instrument, then, was purged of Hennin's original misstatement, severing the connection between Hennin's fabrication and Walker's deprivation of liberty. Only by engaging in impermissible speculation could a jury have determined that Hennin's inaccurate reports influenced the ADA's charging decision and harmed Walker.

Finally, the District Court did not err in its disposition of Walker's excessive detention claims. Walker's federal claim against Hennin was fatally flawed because no reasonable juror could have determined that Hennin, simply by virtue of arresting Walker, caused Walker to be detained for an unreasonably long time. Section 1983 defendants can be held to answer only for the "natural," "reasonably foreseeable" consequences of their actions, *Warner v. Orange Cty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir. 1996) (internal quotation marks omitted), and at the time Hennin arrested Walker he could not have foreseen that Walker's arraignment would be delayed by a stationhouse assault and a ten-hour trip to the hospital.[3] As for Walker's state law excessive detention claim, the District Court correctly applied well-settled Circuit precedent in concluding that § 140.20(1) does not create a private right of action.[4] *See Watson v. City of New York*, 92 F.3d 31, 37 (2d Cir. 1996).

---

[2] Walker also suggests that the jury could have reasonably determined that Hennin was lying when he told the ADA that Jimenez had reported the assault, and this alleged misstatement *did* appear in the charging instrument. But Walker abandoned this theory below, and at all events it has no merit. It was Walker's burden to show that Hennin's account of Jimenez's statement was a fabrication, and no record evidence supports such a conclusion.

[3] Contrary to Walker's argument, nothing in section 140.20(1) of the New York Criminal Procedure Law — a provision that requires arresting officers to swiftly present arrested persons for arraignment — affects this conclusion.

[4] Walker argues that the New York courts have permitted actions for false imprisonment — as opposed to actions rooted strictly in § 140.20(1) — based on unnecessary delay in arraignment. But Walker never presented this theory to the District Court; rather, he relied solely on the contention that § 140.20(1) creates a private right of action. We accordingly do not consider his false imprisonment argument. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

**CONCLUSION**

We have considered all of the arguments Walker raises on appeal and find them to be without merit. We thus **AFFIRM** the September 12, 2014 judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk